UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Helena R. Mrkus,
and other similarly situated individuals,

      Plaintiff (s),

v.

Best Western Aku Tiki Inn

      Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Helena R. Mrkus and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Best Western Aku Tiki Inn, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Helena R. Mrkus is a resident of Volusia County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Best Western Aku Tiki Inn (from now on, Aku Tiki Inn, or Defendant) is a Florida for-profit corporation having a business in Volusia County, Florida.

4. Defendant Aku Tiki Inn is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint occurred in Volusia County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Helena R. Mrkus as a collective action to recover from the Defendant minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2022, (the "material time") without being adequately compensated.

7. Defendant Aku Tiki Inn is a hotel and resort located at 2225 S. Atlantic Avenue, Daytona Beach, Florida 32118, where Plaintiff worked.

8.  Defendant Aku Tiki Inn employed Plaintiff Helena R. Mrkus as a non-exempted full-time, hourly employee from May 21, 2022, to June 10, 2022, or 3 weeks.

9.  Plaintiff had duties as a housekeeper. At the time of her hiring, Plaintiff's wage rate was set at $12.00 an hour.

10. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week. Plaintiff worked from Wednesdays to Sundays from 9:00 AM to 5:00 PM (8 hours daily). Plaintiff worked 40 hours every week. Plaintiff did not take bonafide lunch periods.

11. Thus, Plaintiff worked regularly and consistently a total of 40 hours every week for three weeks. However, Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

14. Plaintiff complained multiple times about the lack of payment for regular hours to her manager, Shemila Muhamad.

15. As a direct result of Plaintiff's complaints, Defendant fired Plaintiff without paying her three weeks of hard-earned wages.

16. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid hours.

17. Plaintiff Helena R. Mrkus intends to recover all her regular hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every hour worked as required by the FLSA.

20. This action is intended to include every housekeeper and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**

## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE

21. Plaintiff Helena R. Mrkusand re-adopts every factual allegation stated in paragraphs 1-20 of this complaint as if set out in full herein.

22. Plaintiff, Helena R. Mrkus brings this action to recover from the Employer Aku Tiki Inn unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

23. Defendant Aku Tiki Inn was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides lodging services through its business activity, affecting interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintaining facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

25. Defendant Aku Tiki Inn was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

26. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

27. the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

28. Defendant Aku Tiki Inn employed Plaintiff Helena R. Mrkus as a non-exempted full-time, hourly employee from May 21, 2022, to June 10, 2022, or 3 weeks.

29. Plaintiff had duties as a housekeeper. At the time of her hiring, Plaintiff's wage rate was set at $12.00 an hour.

30. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week or a total of 40 hours weekly.

31. Plaintiff worked for three weeks. However, Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

32. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

34. As a result, Plaintiff does not have any time and payment records, but she will provide a good faith estimate about her unpaid hours.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

\* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages:</u>

    One Thousand Two Hundred Dollars and 00/100 ($1,200.00)

    b. <u>Calculation of such wages:</u>

    Total weeks of employment: 3 weeks
    Total relevant week:  3 weeks
    Total hours worked:  40 hours weekly
    Total number of unpaid hours: 40 hours weekly
    Regular rate:  $12.00
    FL Minimum wage rate 2022: $10.00

    FL min. wage $10.00 x 40 unpaid regular hours=$400.00  weekly
    $400.00 weekly x 3 weeks=$1,200.00

    c. <u>Nature of wages:</u>

    This amount represents regular unpaid wages at Florida  minimum wage rate

37. Defendant unlawfully failed to pay Plaintiff Helena R. Mrkus minimum wages as required by law.

38. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor

Standards Act and remains owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendant Aku Tiki Inn willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Helena R. Mrkus and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Helena R. Mrkus and against Defendant Aku Tiki Inn based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Helena R. Mrkus actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Helena R. Mrkus an equal amount in double

damages/liquidated damages; and

D.  Award Plaintiff Helena R. Mrkus reasonable attorneys' fees and costs of

suit; and

E.  Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Helena R. Mrkus and those similarly situated demand trial by a jury of all

issues triable as a right by a jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 USC 215(a)(3

41. Plaintiff Helena R. Mrkus re-adopts every factual allegation stated in

paragraphs 1-20 of this complaint as if set out in full herein.

42. Defendant Aku Tiki Inn was and is engaged in interstate commerce as

defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

Defendant had more than two employees recurrently engaged in commerce

or the production of goods for commerce. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always material

hereto more than $500,000 per annum. Therefore, there is FLSA enterprise

coverage.

43. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce. Plaintiff's work was directed to maintaining facilities providing hotel services. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

44. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

45. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

46. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

47. Defendant Aku Tiki Inn employed Plaintiff Helena R. Mrkus as a non-exempted full-time, hourly employee from May 21, 2022, to June 10, 2022, or 3 weeks.

48. Plaintiff had duties as a housekeeper. At the time of her hiring, Plaintiff's wage rate was set at $12.00 an hour.

49. During her time of employment with Defendant, Plaintiff had a regular schedule of 5 days per week, or a total of 40 hours weekly.

50. Plaintiff worked for three weeks. However, Plaintiff did not receive compensation for all her hours worked at any rate, not even at the minimum wage rate, as required by law.

51. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

52. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

53. Plaintiff complained multiple times about the lack of payment for regular hours to her manager, Shemila Muhamad.

54. These complaints constituted protected activity under the FLSA.

55. On or about June 10, 2022, as a direct result of Plaintiff's complaints, Defendant fired Plaintiff without paying her three weeks of hard-earned wages.

56. At all times during her employment, Plaintiff performed their work satisfactorily. There was no reason other than unlawful employment practices or retaliation to discharge Plaintiff.

57. There is close proximity between Plaintiff's protected activity and her discharge.

58. The motivating factor which caused Plaintiff's termination, as described above, was her complaints seeking regular unpaid wages from Defendant. In other words, Plaintiff would not have been discharged but for her complaints about regular unpaid wages.

59. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

60. Plaintiff Helena R. Mrkus has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Helena R. Mrkus respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Aku Tiki Inn that Plaintiff Helena R. Mrku recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendant Aku Tiki Inn to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Helena R. Mrkus further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Helena R. Mrkus demands a trial by a jury of all issues triable as a right by a jury.

Dated:  October 6, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*