UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HELENA R. MRKUS, and other similarly situated individuals,**

    **Plaintiff,**

v.

**JK DAYTONA, LLC d/b/a Best Western Aku Tiki Inn,**

    **Defendant.**
_____/

Case No: 6:22-cv-01835

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, HELENA R. MRKUS, and Defendant, JK DAYTONA, LLC d/b/a Best Western Aku Tiki Inn (collectively, the "Parties"), move for approval of the Parties' FLSA Settlement Agreement and Release attached hereto as Exhibit "A" (the "FLSA Agreement") pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and for dismissal of Plaintiff's Complaint with prejudice. This FLSA Agreement should be approved because it represents a fair resolution of a bona fide dispute, as required by *Lynn's Food*. In support of this Motion, the Parties state as follows:

1

1. This action originated on October 11, 2022, when Plaintiff filed this lawsuit alleging employment related claims against Defendant. The Complaint [Doc. 4] contains two (2) counts alleging unpaid wages under the Fair Labor Standards Act (FLSA) (Count I) and alleged FLSA retaliation (Count II).

2. The Parties have reached an agreement to resolve this case in its entirety, including Plaintiff's claim in Count I alleging unpaid wages under the FLSA. The attorneys' fees and costs were negotiated separately and without regard to the amount being paid to the Plaintiff for settlement of her FLSA claim. Additionally, the Parties reached an agreement to settle Plaintiff's retaliation claim under Count II, separately and without regard to the settlement of Plaintiff's FLSA wage claim, and have executed a separate *Confidential Settlement Agreement and General Release* (the "General Release") regarding this claim.[1]

3. The Parties now seek the Court's approval of their agreement to settle Plaintiff's FLSA wage claims alleged in Count I of the Complaint, the terms of which are set forth in the FLSA Agreement attached as Exhibit "A," and dismissal with prejudice of this lawsuit in its entirety.

4. Count I of Plaintiff's Complaint alleges Defendant employed Plaintiff and failed to pay her for all hours she worked as required under the FLSA.

---

[1] The Parties have not filed the Confidential Settlement Agreement and General Release as part of this motion seeking approval of the FLSA settlement. Should the Court deem it necessary to also review the confidential General Release, the Parties would respectfully request they be permitted to file the General Release *in camera* with the Court for its review.

2

Defendant denies any violation of the FLSA, maintains it properly paid Plaintiff for all hours she worked, and denies Plaintiff is owed any additional compensation. Defendant also asserts it had reasonable grounds to believe that at all times it was in compliance with the FLSA and acted in good faith and not in willful violation of the FLSA.

5. Defendant has identified several compelling defenses that could prohibit Plaintiff from recovering any amounts for her FLSA unpaid wage claim, including the fact that Plaintiff was paid for all hours she worked as reported on her timecard records. Moreover, if Plaintiff did in fact work in excess of the hours documented on her timecards, her failure to report any such time could be considered a violation of Company policy.

6. However, to avoid the risks and costs of protracted litigation, the Parties desire to resolve this action fully and finally with prejudice. After a full review of the facts and information, the Parties, who have both been represented by experienced counsel at all times, agree that the negotiated terms of the FLSA Agreement represent a fair, reasonable, and just resolution of the disputed issues.

7. The FLSA Agreement provides that Defendant will pay Plaintiff as follows:

- $1,200.00 (less applicable deductions and withholdings), representing alleged back wages under the FLSA; and

   •  $1,200.00, representing alleged liquidated damages under the FLSA.

8. In exchange for these payments, Plaintiff has agreed to dismiss her FLSA wage claim in Count I with prejudice.

9. The FLSA Agreement also provides that Defendant will pay Plaintiff's counsel attorneys' fees and costs in the amount of $5,000.00. The attorneys' fees and costs were negotiated separately and apart from, and without regard to, Plaintiff's claim for alleged unpaid wages, and Plaintiff's recovery was not reduced by any part of the attorneys' fees or costs in this case. Plaintiff specifically is aware of, and agrees with, the amount of fees to be paid to her attorney for representing her interests in this matter, and that these fees are reasonable.

## **MEMORANDUM OF LAW**

In the context of a private lawsuit brought by a putative employee against a putative employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume an FLSA settlement is fair and reasonable. *Zdun v. Virtu Cathedral Assocs., LLC*, No. 3:17-CV-579-J-39PDB, 2018 WL 3761024, at

4

\*3 (M.D. Fla. May 14, 2018) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)), *report and recommendation adopted,* No. 3:17-CV-579-J-39PDB, 2018 WL 3756968 (M.D. Fla. June 13, 2018). The factors for evaluating whether the settlement is fair include:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994)).

## I. The FLSA Agreement's Terms.

The FLSA Agreement is attached as Exhibit "A." Under the terms of the FLSA Agreement, Defendant has agreed to pay Plaintiff the total amount of $2,400.00 for her FLSA wage claim under Count I, inclusive of all wages and liquidated damages. The amount to be paid to Plaintiff fairly balances the monetary amounts at issue in the case with the inherent risks proceeding with litigation.

The FLSA Agreement also provides that Defendant has agreed to pay Plaintiff's counsel $5,000.00 in attorneys' fees and costs. These fees and costs were negotiated separately and apart from, and without regard to, Plaintiff's wage and hour claims, and Plaintiff's recovery was not reduced by any part of the attorneys' fees or costs in this case. Plaintiff is aware of and agrees with the amount of fees to

be paid to her attorney for representing her interests in this matter, and that these fees are reasonable. The Parties stipulate this sum is reasonable considering the stage of proceedings and the work performed to date by Plaintiff's counsel.

      **II.    The Relevant Factors Show the Settlement Is Fair and Reasonable.**

As discussed above, Defendant denies it owes Plaintiff any amount, and Plaintiff acknowledges that these settlement amounts represent fair recoveries for her FLSA claim. In fact, the amount of unpaid wages alleged in Plaintiff's Complaint was $1,200. *See* Doc. 10, page 8, ¶ 36. Therefore, under the terms of this settlement Plaintiff will receive the full amount she sought for wages and liquidated damages and there was no compromise of her claim. As such, the parties have reached a fair settlement.

This settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against her former employer, and this action was adversarial in nature. No fraud or collusion exists when both parties are represented by counsel and the amount paid to the plaintiff appears fair. *See, e.g., Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (considering the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). Here, each party was represented by experienced counsel. The undersigned counsels represent to the

Court that there was no fraud or collusion.

The probability of success on the merits and the complexity, expense, and length of future litigation also favor settlement. This settlement is a reasonable means for the Parties to minimize future risk and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiff has at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

### III. Attorneys' Fees Were Negotiated Separately and Are Reasonable.

As part of the Parties' settlement, the attorneys' fees and costs to be paid to Plaintiff's attorney were negotiated separately from the amounts claimed by Plaintiff for her underlying FLSA claim for alleged wages and are not a function of any percentage of recovery. When a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

For the above reasons, the Parties respectfully request this Court approve the FLSA Agreement attached as Exhibit "A" and dismiss Plaintiff's Complaint in its entirety with prejudice.

## RULE 3.01(g) CERTIFICATION

The undersigned counsel for Defendant certifies that, pursuant to Local Rule 3.01(g), she conferred with Plaintiff's counsel regarding the matters set forth in this Motion. Plaintiff agrees to and jointly requests the relief sought in this Motion.

Dated this 12th of June, 2023.

| | |
|---|---|
| **/s/ Zandro E. Palma** | **/s/ Kristyne E. Kennedy** |
| Zandro E. Palma, Esq. | Kristyne E. Kennedy, Esq. |
| Florida Bar No. | Florida Bar No. 194700 |
| LAW OFFICES OF ZANDRO E. PALMA, P.A | Kelsey N. Ortiz, Esq. |
| | Florida Bar No. 1010647 |
| 9100 South Dadeland Blvd. | COLE, SCOTT & KISSANE P.A. |
| Suite 1500 | 1900 Summit Tower Blvd |
| Miami, Florida 33156 | Orlando Florida 32810 |
| Tel: (305) 446-1500 | Tel: (321) 972-0028 |
| Email: zep@thepalmalawgroup.com | Email: kristyne.kennedy@csklegal.com |
| *Counsel for Plaintiff* | Email: kelsey.ortiz@csklegal.com |
| | Secondary e-mail: celia.cates@csklegal.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th of June, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Kristyne E. Kennedy*